IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JESSE D. JAMES**                                                                                                    **PLAINTIFF**

**VS.**                                    **CASE NO. 4:07CV01211 JMM**

**DASSAULT FALCON JET CORP.**                                                    **DEFENDANT**

**ORDER**

Pending is defendant's Motion for Summary Judgment, and plaintiff's response.   For the reasons stated below, the motion is denied (#30).

Plaintiff brings his complaint alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e (2000).   Defendant contends that plaintiff has failed to present a *prima facie* case of religious discrimination.

I.  *Facts*

From the time plaintiff was hired on May 17, 1999, until his termination in July of 2006, he worked as an interior installer in defendant's service center where he removed and installed interior components of jet aircrafts.

In 2002, plaintiff was required to submit to a mandatory medical examination that included a diagnostic blood test.  After initially refusing, plaintiff eventually did take the blood test.

Plaintiff converted to the Christian Science religion in 2004 through his studies on the internet. When plaintiff became a Christian Scientist, he knew that he had previously been required to give blood as a condition of his employment.

In July of 2006, plaintiff was again required to submit to a mandatory medical examination which included a diagnostic blood test. Plaintiff refused to submit to the blood test and told the nurse that he was doing so based upon his religious beliefs. Prior to plaintiff's refusal to submit to this test, he did not tell defendant that he had become a Christian Scientist and that based upon his religious beliefs he would no longer be able to submit to a diagnostic blood test.

After refusing the test, plaintiff met with defendant's service center manager, Kent Chandler, and informed Chandler that he was refusing to take the blood test because of his religious beliefs. After talking with Chandler, plaintiff believed that they could come to some sort of accommodation. Chandler asked plaintiff to provide him with a copy of his religious doctrine. Chandler then left to go on vacation.

Plaintiff next met with met with Linda Moring the administrative assistant at the service center and James Holmes the night shift supervisor. Moring and Holmes were aware that plaintiff was refusing to take the blood test for religious reasons. The following day, plaintiff met with Terry Bacola the general manager of the service center and Holmes. At this meeting on July 27, 2006, plaintiff, again, refused to take the blood test based upon his religious beliefs and he was terminated.

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual

2

issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Plaintiff's Title VII claim of religious discrimination is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Hervey v. County of Koochiching*, 527 F.3d 711 (8th Cir. 2008). Under this framework, a Title VII plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *See Elmahdi v Marriott Hotel Services, Inc.*, 339 F.3d 645, 656 (8th Cir. 2003).

To establish a *prima facie* case of religious discrimination under Title VII, plaintiff must show that (1) he has a *bona fide* religious belief that conflicts with an employment requirement; (2) he informed defendant of this belief; and (3) defendant terminated plaintiff's employment for failing to comply with the conflicting requirement of employment. *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (*per curiam*).

Defendant contends that plaintiff cannot prove his *prima facie* case as a matter of law because it is uncontested that plaintiff did not inform defendant of his religious beliefs before he refused to take the blood test in July of 2006. In addition, defendant contends that plaintiff failed to sufficiently explain his religion to his supervisors so as to allow them to make a reasonable accommodation. *See Chrysler Corp. v. Mann*, 561 F.2d 1282 (8th Cir. 1977) (employer not liable if plaintiff fails to explain religious beliefs or fails to cooperate with accommodation).

Summary judgment is precluded as there is a material dispute as to whether plaintiff was terminated because of his refusal to take the blood test on the day of his physical which was prior to his informing his employer about his religious beliefs or whether plaintiff's employment was terminated after he had informed Bacola of his religious beliefs.

Summary judgment is also precluded based upon disputed testimony regarding the issue of whether plaintiff sufficiently explained his religious doctrine as requested by Chandler. Plaintiff testified that he was told the blood test would be postponed, and that he and Chandler would come up with a solution. Plaintiff testified that he brought in a copy of his religious doctrine expecting to give it to Chandler when Chandler returned from vacation, and that he so informed Moring.

Chandler's testimony is that he did reschedule the test. However, Chandler testified that at their first meeting when he asked plaintiff for material on his religious doctrine, plaintiff told him he did not have any such material and plaintiff did not give him any written explanation of his religious doctrine.

III. *Conclusion*

Based upon these disputed facts, defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED THIS   29   day of July, 2008.

_____
James M. Moody
United States District Judge