IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


JESSE D. JAMES                                                                                   PLAINTIFF


VS.                             CASE NO. 4:07CV01211 JMM


DASSAULT FALCON JET CORP.                                                        DEFENDANT


ORDER

Pending before the Court are defendant's Motion to Strike Plaintiff's Demand for Jury Trial and plaintiff's response. For the reasons stated below, the motion is denied (#43).

On December 20, 2007, plaintiff filed a *pro se* complaint for religions discrimination in violation of Title VII. Defendant filed its answer to the original complaint on January 8, 2008.

On February 6, 2008, the Court appointed plaintiff counsel who on March 24, 2008, filed an Amended Complaint which made a demand for a jury trial. On September 9, 2008, the Court entered a revised scheduling order which stated that plaintiff would have a jury trial.

Plaintiff contends that the Court should strike plaintiff's demand for jury trial because (1) plaintiff waived his right to a jury trial by not making such demand within ten days after defendant filed its answer to plaintiff's original complaint on January 8, 2008; (2) granting a jury trial at this late juncture would be prejudicial to defendant; and (3) plaintiff has failed to file a Federal Rule of Civil Procedure Rule 39(b) motion.

1

Plaintiff does not dispute that he failed to timely demand a jury trial as required under Federal Rule of Civil Procedure 38, but asks the Court to exercise its discretion under Federal Rule of Civil Procedure 39(b) to grant him a jury trial.

Defendant contends that the Court should not exercise its discretion to grant a jury trial because it has made certain litigation decisions and defended the case based upon the belief that the case would be tried to the Court. Defendant contends that it filed a narrow motion for summary judgment and has expended a great deal of time, effort, and resources preparing a trial brief, and proposed findings of fact and conclusions of law which were to be filed with the Court.

Moreover, if the case were to proceed to a trial before a jury, defendant argues that it would be necessary for it to obtain an expert witness to explain OSHA regulations which would not have been the case if the case had been tried to the Court. Defendant also points out that plaintiff has yet to file a motion under Rule 39 requesting the Court to exercise its discretion to allow a jury trial.

While plaintiff has not filed a motion specifically designated as a Rule 39(b) motion, the Court will treat his Motion for Leave to File an Amended Complaint containing a jury demand as such and notes that a copy of the amended complaint which was attached to the motion to amend reflected that plaintiff was making a jury demand. Moreover, the Motion to File an Amended Complaint stated that it was being filed with the consent of defendant.

"Jury trials ought to be liberally granted when no prejudice results." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 116 (1971)).

The Court finds that there will be no undue prejudice to defendant. It has reviewed defendant's Motion for Summary Judgment and notes that regardless of the scope of defendant's motion, the issue of when plaintiff was terminated and the testimony of plaintiff, and Kent Chandler would have precluded summary judgment. Moreover, the trial is four and a half months away which gives defendant sufficient time to prepare for trial. Finally, with the extension of discovery as set out below, defendant's ability to defend its case by deciding to obtain the services of an expert witness will not be unduly prejudiced.

The scheduling order of September 9, 2008 is amended to extend discovery until January 2, 2009.

IT IS SO ORDERED THIS __2__ day of __October__, 2008.

_____
James M. Moody
United States District Judge